BOLUS, ADMX., APPELLANT, *v.* SAYBROOK GUNSHOP, INC. ET AL., APPELLEES.

(No. 1229 — Decided December 20, 1985.)

*David C. Sheldon* and *John R. Wingerter,* for appellant.

*Reminger & Reminger Co., L.P.A.,* and *William P. Farrell,* for appellees.

DAHLING, J. This is an appeal from the Ashtabula County Court of Common Pleas.

On June 11, 1984, the plaintiff, Etta Mecci Bolus, ancillary administratrix of the estate of Ernest P. Mecci, Jr., filed a complaint.

On August 31, 1984, the defendants, Saybrook Gunshop, Inc., and Manny Massi, filed an answer to plaintiff's complaint. On December 11, 1984, defendants filed a motion for summary judgment for the reason that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law.

On February 28, 1985, the court entered a judgment granting defendants' motion for summary judgment. Plaintiff filed a timely notice of appeal.

On December 3, 1982, plaintiff's decedent, Ernest P. Mecci, Jr., purchased a firearm from defendant Saybrook Gunshop. Prior to the purchase of the gun, decedent completed a firearm transaction record. On the firearm

transaction record, the decedent wrote that he was not then under indictment nor had he ever been convicted of any felony. He further represented that he was not a fugitive from justice or an alien illegally in the United States. The decedent further indicated that he was not an unlawful user of or addicted to marijuana, depressants, stimulants, or narcotic drugs, and that he had never been adjudicated mentally defective or committed to a mental institution.

At the time the decedent purchased the firearm, he used for his identification a V.A. patient medical card. After completing the firearm transaction record, decedent purchased a firearm from the defendants.

Approximately five hours after the purchase of the firearm, the decedent committed suicide by shooting himself with that firearm.

### Assignment of Error

"The trial court erred by granting the defendants [sic] motion for summary judgment."

This assignment of error is without merit. The trial court properly granted defendants' motion for summary judgment.

Civ. R. 56(C) reads in pertinent part:

"* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.* * *"

The record indicates that no evidence existed to support a claim that defendants knew or had reasonable cause to believe that the decedent was ineligible under state or federal law to purchase a firearm. R.C. 2923.20 provides in pertinent part:

"(A) No person shall:

"(1) Recklessly sell * * * any firearm to any person prohibited by section 2923.13 or 2923.15 of the Revised Code from acquiring or using any firearm * * *."

R.C. 2923.13 (having weapons while under disability) identifies those persons who are prohibited from purchasing firearms. Those who may not purchase firearms include persons who are: fugitives from justice; under indictment for or have been convicted of any felony of violence; under indictment for having been convicted of any offense involving illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse; drug dependent or in danger of becoming drug dependent; chronic alcoholics; or under adjudication of mental incompetence.

In completing the firearm transaction record, the decedent represented that he did not fit within any of the restricted categories set forth in the code.

R.C. 2923.15 identifies another group of persons who may not purchase firearms. R.C. 2923.15 states in pertinent part:

"(A) No person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm * * *."

At the time of the transaction, the decedent was not under the influence of alcohol or any drug of abuse.

The United States Code also restricts the sale of firearms in certain situations. Under Section 922, Title 18, U.S. Code, the Secretary of the Treasury is empowered to adopt regulations to further regulate the sale of firearms. The Secretary of the Treasury has adopted a regulation set forth in Section 178.124(c), 27 C.F.R., which provides as follows:

"Prior to making an over-the-counter transfer of a firearm to a nonlicensee who is a resident of the State in which the licensee maintains his business or

collection premises, * * * the * * * licensed dealer * * * so transferring the firearm shall obtain a Form 4473 from the transferee showing the name, address, date and place of birth, height, weight, and race of the transferee, and certification by the transferee that he is not prohibited by the Act or Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 236; 18 U.S.C. Appendix) from receiving a firearm in interstate or foreign commerce. The licensee shall identify the firearm to be transferred by listing in the Form 4473 the name of the manufacturer, the name of the importer (if any), the type, the model, the caliber or gauge, and the serial number of the firearm. Before transferring the firearm described in the Form 4473, the licensee (1) shall cause the transferee to identify himself in any manner customarily used in commercial transactions (e.g., a driver's license), and shall note on the form the method used, and (2) if satisfied that the transferee is lawfully entitled to receive a firearm, he'll sign and date the form."

The plaintiff argues that the failure of the defendants to require a driver's license as proper identification, to look over and investigate the V.A. medical card, and to make further inquiry of the V.A. hospital as to decedent's suitability to purchase a handgun support the proposition that defendants were negligent. However, the state of Ohio does not have any formal requirements which must be met before a firearm is sold. The state defers to the federal government which, by law and federal regulations, requires execution of a firearm transaction record, Form 4473.

The Code of Federal Regulations requires that the purchaser of the firearm fill out Form 4473 and state thereon his name, address, date and place of birth, height, weight and race; and further requires that the purchaser certify that he is not prohibited from receiving a firearm.

The state of Ohio prohibits a person from recklessly selling a firearm to a person unlawfully entitled to one. Before a seller can be reckless, he must "[fail] to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result * * *." *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 4 O.O. 3d 243, 363 N.E. 2d 367, syllabus.

Plaintiff's argument that a driver's license is the only acceptable means of identification is not supported by federal regulations which provide that the purchaser can identify himself in any manner customarily used in commercial transactions. Although a driver's license is used as an example, it is not required by regulation or the laws.

In the case at bar, the affidavit and deposition of Manny Massi indicated that the decedent filled out Form 4473 and acted in a competent and normal fashion in doing so. Massi stated by affidavit that the decedent did not appear to be under the influence of alcohol or drugs and that his behavior, conduct and demeanor indicated that he was not then incompetent. Defendant Massi followed all provisions set forth by federal and state law in the sale of the firearm. Decedent successfully completed Form 4473 and displayed no signs of incompetence during or prior to the sale of the firearm to him.

In conclusion, the decision of the lower court granting defendants' motion for summary judgment is affirmed.

*Judgment affirmed.*

FORD and COOK, JJ., concur.