SCOTT, APPELLANT, *v.* MALCOLM
ET AL., APPELLEES.

(No. 54980—Decided
February 6, 1989.)

*Jeffrey L. Kocian,* for appellant.
*Kent Alan Malcolm, pro se.*
*William A. Viscomi,* for appellees
Bedford Gun & Tackle et al.
*Robert Quandt,* for appellee
Cleveland Public Library.
*Thomas Longo,* assistant law director, for appellee city of Bedford.
*Brian Melling,* assistant law director, for appellee James Cooper.

*Anthony Tomason,* for appellee
Harrington & Richardson.

NAHRA, J. This case arises out of the sale of a handgun to Kent Alan Malcolm who later shot and killed one person and seriously injured appellant Judith Lynn Scott in the Cleveland Public Library. Appellant brought suit in relevant part alleging (1) the city of Bedford and its police chief inadequately searched the national felony records because they failed to discover a prior felony conviction which would have prohibited the gun sale and (2) Bedford Gun & Tackle and its salesman violated federal and state statutes and city ordinances by selling the gun because they should have known Malcolm was mentally unstable or otherwise unfit to possess a firearm or he was likely to cause harm to another with it.

The gun shop and its salesman moved for summary judgment, attaching a copy of Malcolm's application to purchase a handgun and the salesman's affidavit. The salesman stated that Malcolm appeared friendly and normal and gave no indication he intended to use the handgun to injure anyone. Appellant provided no evidentiary material in opposition.

The city and its police chief moved for summary judgment, attaching a copy of Malcolm's application and a copy of the deposition of a police officer familiar with processing gun applications. He described the manual and computer searches performed on Malcolm's application and how no past criminal conduct appeared. In opposition, appellant provided her own affidavit, wherein she stated that Malcolm obtained the gun on December 17, 1984, prior to the date his application was approved, according to testimony at Malcolm's aggravated murder trial.

The trial court granted defen-

dants' motions, and appellant timely appealed.[1] For the following reasons we affirm the trial court's disposition of this case.

## I. *City of Bedford and Chief of Police*

Summary judgment was properly granted in favor of the city and the police chief pursuant to the public duty doctrine. This doctrine provides that "absent a special relationship creating a municipal duty to exercise care for the benefit of a particular individual, no civil liability may be imposed upon a municipality for failure to perform the duty or for inadequate or erroneous performance." *Mitchell* v. *Cleveland* (Jan. 15, 1987), Cuyahoga App. No. 51602, unreported, at 4, affirmed (1988), 37 Ohio St. 3d 234, 525 N.E. 2d 483; see *Sawicki* v. *Ottawa Hills* (1988), 37 Ohio St. 3d 222, 525 N.E. 2d 468. Thus, "where a statute creates no duty to any particular person or class of persons, but rather, creates duties owed to the general public, non-compliance cannot be the basis of a tort action." *Mitchell* (1987), at 5.

No duty to appellant individually has been established upon which liability may be premised in this case. Non-compliance or inadequate compliance with any records check requirement is therefore not actionable. Consequently, the date the application was approved is irrelevant. Even if the public duty doctrine were not applicable, all the evidence supports the conclusion that the records search was performed adequately.

## II. *Bedford Gun & Tackle and Salesman*

Summary judgment was properly granted for these defendants since there was no issue of material fact for trial. Bedford's ordinance governing the sale of handguns[2] provides in part that:

"672.21 LIMITATION ON PURCHASE, SALE AND TRANSFER.

"(a) No person shall purchase or acquire by gift or transfer any of the weapons mentioned in Section 672.17 who:

"(1) Is under twenty-one years of age;

"(2) Is a fugitive from justice or is at the time under court adjudication of mental incompetence;

"(3) Refuses or neglects to give the necessary information required in any application he is required to prepare;

"(4) Has been convicted of the illegal use or possession of narcotics;

"(5) Is, at the time of his application, under the influence of alcohol or any other dangerous drug or narcotic;

"(6) Has been convicted of a felony under the laws of this or any other state, the United States or any of its territories or possessions, the District of Columbia, or any foreign country with which the United States has a treaty of extradition in effect; provided, however, that such person shall have eligibility restored after ten years have elapsed from the date of completion of any sentence, probationary period or parole; or

"(7) Has been convicted of more

---

[1] Counsel for appellant has failed to raise his assignment of error properly. See, generally, *North Coast Cookies, Inc.* v. *Sweet Temptations, Inc.* (1984), 16 Ohio App. 3d 342, 16 OBR 391, 476 N.E. 2d 388. We will address the issues on the merits, however, and refer counsel to App. R. 12(A), App. R. 16(A)(2) and Local App. R. 6(2) for compliance in the future.

[2] The Bedford ordinance cited by appellant, Section 672.07(c)(3), is inapplicable since it pertains to "dangerous ordnance" which is defined in Sections 672.01(j) and (k).

168

than one misdemeanor involving the use of force and violence or threats of the use of force and violence against another person within one year prior to his application.

"(b) It shall be the duty of the seller of the aforesaid weapons, as a condition of his license, to obtain the information required by Section 672.19 in affidavit form and to have such form signed and sworn to before a notary public by the purchaser on three copies, one to be delivered to the purchaser at the time of sale, the second to be delivered to the Chief of Police as required by Section 672.19 and the third to be kept by the seller for a period of not less than six months.

"* * *

"(d) No holder of a license as required by Section 672.17 shall sell one of the weapons named in Section 672.17 without first obtaining the information in proper affidavit form as required herein. Failure to comply with this section shall be grounds for revocation of the license. (Ord. 4062-73. Passed 12-3-73.)"

Appellant provided no evidentiary material to contest the salesman's affidavit testimony that Malcolm did not appear unfit to purchase a handgun and that he complied with Bedford's ordinance governing handgun sales. The acceptance of a state welfare card as identification did not violate any aspect of the above ordinance. Cf. *Bolus* v. *Saybrook Gunshop, Inc.* (1985), 30 Ohio App. 3d 23, 30 OBR 61, 506 N.E. 2d 253 (federal regulations not violated when V.A. patient medical card used for identification).

Appellant contends on appeal that the gun shop was negligent if it turned the gun over to Malcolm prior to receiving written approval from the Bedford Police Department regarding Malcolm's prior criminal convictions. This argument was not presented to the trial court with respect to these defendants and will not be considered for the first time here on appeal. Even if we considered appellant's contention, appellant has not cited any Bedford ordinance requiring prior written approval and, more significantly, even if prior written approval were required, the search for past criminal conduct of Malcolm came up negative and the police *approved* Malcolm's application to purchase a handgun.

Since none of appellant's arguments has merit, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN McMANAMON, C.J., and MATIA, J., concur.