**LEMIEUX, Admr., Appellant,**

v.

**ATLANTIC GUN AND TACKLE DISTRIBUTING COMPANY, Appellee.**

[Cite as *Lemieux v. Atlantic Gun & Tackle Distrib. Co.* (1994), 92 Ohio App.3d 782.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65900.

Decided Feb. 7, 1994.

*Garson & Assoc. Co., L.P.A.,* and *David A. Kulwicki,* for appellant.

*Davis & Young Co., L.P.A.,* and *George W. Lutjen,* for appellee.

---

*Per Curiam.*

This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25.

Plaintiff-appellant John M. Lemieux is the Administrator of the Estate of Alice Lopatt–Lemieux, deceased, who committed suicide with a handgun purchased from defendant-appellee Atlantic Gun and Tackle Distributing Company. Plaintiff appeals from the summary judgment granted in favor of defendant and contends there was sufficient evidence to create a genuine issue of material fact as to whether the defendant negligently entrusted a handgun to the decedent. We find no error in the granting of summary judgment and affirm the judgment below.

On April 12, 1991, after previous visits to the gunshop, plaintiff's decedent purchased a small .38 caliber handgun from defendant. On April 19, 1991, she committed suicide with the use of the handgun.

Decedent had visited the gunshop twice before and at all times appeared and acted in total control of herself, both physically and mentally. There was nothing about her demeanor or statements that indicated she was suicidal, drug dependent or had alcohol or mental problems.

In the presence of the salesman and in her own handwriting, she completed Form ATF F 4473 as required by Section 178.124(c), Title 27, C.F.R., and Section 922, Title 18, U.S.Code, signed her name, dated the form and produced her valid Ohio driver's license, which was recorded by the salesperson on the federal form.

On the Firearms Transaction Record, the decedent wrote that she was not then under indictment, had never been convicted of any felony, and was not a fugitive from justice or an illegal alien. She indicated that she was not an unlawful user of or addicted to marijuana, depressants, stimulants, or narcotic drugs, and that she had never been adjudicated mentally defective or committed to a mental institution. There were no other witnesses to the purchase or the form completion.

Plaintiff did not contend that defendant had any actual knowledge of decedent's fragile mental condition. Plaintiff does argue that defendant was on constructive notice that decedent was not normal because of her bizarre speech, mannerisms and dress observed around noon on the date she purchased the handgun.

The trial court, after viewing the evidence in a light most favorable to the plaintiff, as it is required to do, stated that:

"This court finds that defendant did comply with all federal and state requirements for the sale of a handgun. In addition there is no evidence that defendant possessed or should have possessed knowledge of the substance abuse and psychological problems of plaintiff's decedent. No genuine issue of material fact exists and defendant is entitled to judgment as a matter of law." Opinion and Order, at 2.

We are compelled to agree with the trial court's disposition of the matter. *Bolus v. Saybrook Gunshop, Inc.* (1985), 30 Ohio App.3d 23, 30 OBR 61, 506 N.E.2d 253 (summary judgment properly granted in favor of gunshop owner where decedent committed suicide five hours after purchase, when there was no evidence that defendant acted recklessly and where all the proper forms were filled out, proper identification was presented, and defendant had no reason to suspect that decedent was mentally handicapped). See, also, *Scott v. Malcolm* (1989), 56 Ohio App.3d 166, 565 N.E.2d 869, where this court affirmed summary judgment for the gunshop when mentally unstable purchaser used the gun to shoot a person and wound another. "Appellant provided no evidentiary material to contest the salesman's affidavit testimony that Malcolm did not appear unfit to purchase a handgun and that he complied with Bedford's ordinance governing handgun sales." *Id.* at 168, 565 N.E.2d at 871. Cf. *Barnett v. FRE* (Aug. 13, 1987), Montgomery App. No. 10054, unreported, 1987 WL 15728 (affirming jury instructions that suicide would be a complete defense; gunshop was *not* required to anticipate that customers might commit suicide).

Plaintiff's sole assignment of error is overruled.

*Judgment affirmed.*

NAHRA, C.J., SPELLACY and PORTER, JJ., concur.